UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 23-cv-24461-PCH-EGT

RIGHTS HOLDER,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"

    Defendant.

DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Defendant No. 228, Hefei XunTi Technology Co., Ltd d/b/a Uratot Direct ("Defendant Uratot"), hereby opposes Plaintiff's (the "Plaintiff") motion for preliminary injunction as Plaintiff failed to establish a reasonable likelihood of success on the merits and or any irreparable harm caused by Defendant Uratot's alleged use of Plaintiff's alleged design patent (see Ex.[1] sale of a completely different product covered by a different design patent that pre-dates Plaintiff's design patent).

Plaintiff's claims also fail due its broad-brush approach allegations that are not specific to Defendant Uratot, Plaintiff's refusal provide any evidence of Defendant Uratot's alleged infringement that was filed under seal or of any pre-filing due diligence as to Defendant Uratot, and Plaintiff has simply refused to respond to Defendant Uratot and its counsel's inquiries despite knowing full well that Plaintiff's actions have caused more than $600,000 of funds to be

---

[1] Dkt. #10-06, at pp.63-68, a copy of which is attached as Exhibit A.

frozen in Defendant Uratot's Amazon account.

**I.    RELEVANT BACKGROUND**

1. On November 22, 2023, Plaintiff alleged (under seal) that Defendant Uratot "used" Plaintiff's Design Patent U.S. Reg. No. D970,203 S (the "'203 Patent"), dated Nov. 22, 2022, a copy of which is attached as Exhibit B.

2. Plaintiff did not allege Defendant used, and Defendant Uratot did not use, Plaintiff's trademarks.

3. Defendant Uratot licensed Design Patent U.S. Reg. No. D924,545 S (the "'545 Patent"), dated July 13, 2021. Claim 1 of the '545 Patent was cancelled on Dec. 8, 2022. A copy of the registration and certificate are attached as Exhibit C.

4. On December 14, 2023, counsel to Defendant Uratot contacted Plaintiff and requested basic information regarding the case and attaching the registrations for the design patents.

5. On December 19, 2023, counsel for Plaintiff finally responded to counsel's request causing this Opposition to be rushed and providing no time to attempt to resolve the matter without motion practice, legal fees and expenses.

**II.    ARGUMENT**

   **A.    Legal Standard**

A "preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A design patent protects the nonfunctional aspects of an ornamental design as seen as a whole and as shown in the patent." *Amini Innovation Corp. v. Anthony Cal., Inc.*, 439 F.3d 1365, 1371 (Fed.Cir.2006). In this Circuit, "[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly

established the 'burden of persuasion' " as to each of the four prerequisites. *See McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir.1998) (citing *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir.1989)).

> **B.     Plaintiff Cannot Show a Reasonable Likelihood of Success on the Merits for its Design Patent Claim because (1) it does Not Pass the "Ordinary Observer" Test, and (2) Plaintiff's Design Patent is Vulnerable to Invalidation.**

The initial test for design patent the "well-established 'ordinary observer' test to compare the overall design and appearance of the claimed design with that of the accused [ ] product." *Lanard Toys Limited v. Dolgencorp LLC*, 958 F.3d 1337, 1343 (N.D. Ga. Fed. Cir. 2020). If, based on the evidence presented, no reasonable fact finder could find that an ordinary observer, taking into account the prior art, would believe the accused design to be the same as the patented design. *Id.*

In this case, the design of Defendant Uratot's "shoe shiled" is not the same as the design of the Plaintiff's "wearable shoe tree". *Cf.* Images attached to Exs. B and C; *see also* the allegedly evidence of infringement, which was attached hereto as Ex. A. In order to trigger the on-sale bar, the invention for sale must "be something within the scope of the claim." *Scaltech Inc. v. Retec/Tetra, L.L.C.*, 178 F.3d 1378, 1383 (Fed. Cir. 1999).

The '203 Patent contains very little ornamentation, and essentially just claims a shell that encloses the entirety of the forefoot. The '545 patent has a "cut out" to accommodate the wearer's big toe. Since the images in the '203 Patent are "within the scope of the claim" of the '545 Patent and were subject to a commercial offer for sale on, more than one year before the '203 Patent's effective filing date of May 20, 2022, the '203 Patent is invalid, or at least vulnerable to being invalidated. *Scaltech Inc.*, 178 F.3d at 1383.

Additionally, although a patent is presumed valid under federal law, "that presumption

3

does not relieve the moving party in the preliminary injunction context from carrying its normal burden of establishing its reasonable likelihood of prevailing" on the merits. *In re Terazosin Hydrochloride Antitrust Litigation*, 352 F.Supp.2d 1279, 1302 (S.D. Fla. 2005); T*echtronic Indus. Co. v. Chervon Holdings, Ltd.*, 395 F. Supp. 2d 720, 729 (N.D. Ill. 2005). If the alleged infringer "raises a substantial question of invalidity, the preliminary injunction should not issue." To meet this burden, the alleged infringer must only show that the patent is "vulnerable," which requires less proof than the clear and convincing showing necessary to establish invalidity itself. *Id*. If the alleged infringer shows that the patent is "vulnerable" the burden shifts back to the patentee "to show that the defense lacks substantial merit." *Id*.

Plaintiff has and will fail to meet the burden of proving it has a reasonable likelihood of success on the merits because there are substantial questions regarding the validity of the Plaintiff's '203 Patent. Vulnerability is the issue at the preliminary injunction stage, while validity is the issue at trial. The alleged infringer must identify at least some persuasive evidence of invalidity at this early stage to overcome the presumption of validity. *In re Terazosin Hydrochloride Antitrust Litigation*, 352 F.Supp.2d 1279, 1302 (S.D. Fla. 2005). A patent claim is invalid as anticipated if "the claimed invention was patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention." 35 U. S. C. §102(a)(1).

Here, the invention claimed in the '203 Patent is anticipated because products that embody the design claimed in the '545 Patent licensed by the Plaintiff and embodying the Defendant's design and Defendant Uratot's product was commercially available more than one year before the '203 Patent's effective filing date.

**C.     The Asset Restraint should be Reduced to Defendant's Profit from the Accused Products because the Court's Power to Impose Pre-judgment Asset Freezes Under Rule 65 is Limited to an Equitable Accounting of such Profits.**

The Supreme Court has held that district courts generally lack the authority "to issue a preliminary injunction preventing [a defendant] from disposing of [its] assets pending adjudication" of a plaintiff's claim for money damages." *Grupo Mexicano de Dessarrolo v. Alliance Bond Fund*, 527 U.S. 308, 333 (1999). Prejudgment asset restraints, therefore, are limited to cases seeking equitable relief, where they are narrowly drawn and limited only to what is reasonably necessary to secure the (future) equitable relief." *Deckers Outdoor Corp. v. P'ships & Unincorporated Assocs. Identified on Schedule A*, 2013 WL 12314399 at *2 (N.D. Ill. Oct. 31, 2013).

Applying these principles, any prejudgment asset freeze should be limited to amounts that Plaintiff is reasonably likely to recover pursuant to an equitable accounting of profits in this case. *See Deckers*, 2013 WL 12314399, at *2 ("[W]here equitable relief is sought, the appropriate scope of prejudgment restraint must be limited only to what is reasonably necessary to secure the (future) equitable relief. For example, where (as here) a litigant seeks the equitable remedy of an accounting of profits, then if the amount of the profits is known, then the asset freeze should apply on to that specific amount, and no more. . . In other words, the asset-restraint order must be limited only to the extent that is needed to secure the equitable remedy; the scope of the exception (to the general ban on prejudgment restraint) is limited by the scope of the exception's rationale."). The proposed injunction would freeze all funds in Defendant's accounts, regardless of source. However, Defendant has provided evidence showing that Plaintiff has no equitable interest in particular restrained assets, as they are not the proceeds of the allegedly infringing

5

activities. *Micnerski*, 2002 WL 31415753, at *1 ("federal district courts do not have the power to grant preliminary injunctions to prevent a defendant from transferring assets in which no lien or equitable interest is claimed"). To exempt assets from an asset freeze, the burden is on the party seeking relief to present documentary proof that particular assets [are] not the proceeds of counterfeiting activities. *Monster Energy Co. v. Chen Wensheng et al.*, 136 F. Supp. 3d 897, 910 (N.D. Ill 2015).

Defendant will provide documentary proof, including sales records of the accused products supported by a declaration. There is no basis for including amounts in Defendant's accounts beyond the aforementioned profit amounts. *See, e.g., CSC*; *See also, Klipsch Grp., Inc. v. Big Box Store Ltd.*, 2012 WL 4901407, at *2 (S.D.N.Y. Oct. 11, 2012) (reducing asset freeze after defendants' documentary showing of profits earned from allegedly infringing goods). The amount of any asset restraint on Defendant's accounts should be reduced to, at most, the profits from the Defendant's sales of the accused products.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

Counsel for the Defendant emailed opposing counsel on December 14, 2023 and then again on December 19, 2023 in an attempt to resolve this matter. Opposing counsel responses belatedly but not substantively. Accordingly we were not able to resolve this matter.

**III.   CONCLUSION**

Defendant requests that the Court deny Plaintiff's Motion for Preliminary Injunction as to it because Plaintiff's claims are not likely to succeed, and the extraordinary relief provided by Rule 65 is unwarranted.  At a minimum, the asset restraint is overbroad and should be limited to, at most, the profits from the Defendant's sales of the accused products.

Dated: December 20, 2023.

                                        Respectfully submitted,

                                        DEVINE GOODMAN & RASCO, LLP
                                        2800 Ponce de Leon Blvd., Suite 1400
                                        Coral Cables, FL 33134
                                        Tel.:  305-374-8200
                                        Email:  grasco@devinegoodman.com

                                        */s Guy A. Rasco*
                                        Guy A. Rasco, Esq. (F.B.N.: 727520)


                                        **AEGIS Law**
                                        Patrick m. Jones (Pro Hac Application pending)
                                        Christopher A. Thornton
                                        Willis Tower
                                        233 South Wacker Drive, 44th Floor
                                        Chicago, Illinois 60606
                                        Tel: (312) 329-0010
                                        Email: pjones@aegislaw.com
                                        Email: cthornton@aegislaw.com

                                        *Counsel for Defendant Hefei XunTi Technology Co., Ltd d/b/a Uratot Direct*

                                        (*pro hac vice application to follow*)

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of December, 2023, a true and correct copy of the foregoing was filed via the CM/ECF Filing System in a manner authorized by the Federal Rules of Civil Procedure.

*/s Guy A. Rasco*
Guy A. Rasco, Esq.
